Cunningham, J.
Heand on appeal.
The court does not find it necessary to enter into a precise statement of the ease and the questions before it heretofore argued, as all those apparently interested are fully acquainted with the facts.
*210 The first proposition that the court is compelled to pass upon is this: Where a decedent dies, leaving his lands subject to a mortgage given to secure a part of the purchase money for said lands, is- the wife dowable, where there is a surplus on the sale of the lands left after paying such purchase money mortgage, in the entire proceeds of the sale or in such surplus, being the equity of redemption? Now that is the sole proposition in this branch of this ease, as it is admitted by counsel on both sides, that if the mortgage had been given, not for purchase money but for borrowed money, borrowed by the husband and in which the wife had' released her dower to secure the loan, dower would' be calculated on the entire proceeds if there was a surplus left; in other word®, if the mortgage had not exhausted the land, she would- be entitled to receive, if there was sufficient surplus after the sale, the value of her dower calculated in the entire -proceeds of the s-ale of the land.
This proposition has been hinted at, but, so far -as I can find, never decided by our Supreme Court, except in the 27th 0. S., 464, in the ease of Culver v. The Executors of Harper, and in the same volume at page 512 in the case of Fox et al v. Pratt; the last case relying upon the former, and the case of The State Bank v. Hinton, in the 21st O. St., 509. In this last ease it seems that the purchase money mortgage was greater than the value of the land and that the land was sold for a sum insufficient to pay that mortgage. The reasonings and the discussions of the Supreme Court in all these cases- puts this court in great perplexity as to what will probably be the holdings by the Supreme Court upon the questions raised in this case. Apparently the courts in the eases above -cited, as well as all of the cases passing upon this subject, where the mortgage under consideration was not a purchase money mortgage, seem to draw a distinction between the widow’s standing as against a . purchase money mortgage and with respect to a mortgage given to secure the husb-and’s debt, but I think in reality do not so distinguish. I have examined all these cases and undertake to start at the root of this proposition and see to what result these distinctions and reasonings of the Supreme Court will lead.
*211 Judge Moore, in his brief, in sustaining his position that this calculation of dower should be made only in the surplus, makes this proposition:
“That the purchaser of real estate holds the title in trust for the vendor for the security and payment of the purchase price, whether such purchase price is relied upon to be secured by the vendor’s lien or the mortgage of the purchaser, and no inchoate right of dower attaches to the unpaid purchase price. If it did attach, then it would be necessary that the wife join in the execution of the mortgage. The wife, having no interest or right, of course she has nothing to release ; and only in the excess of the proceeds of sale, or, in other words, in the residue of the real estate beyond what would pay the mortgage, would she be endowed. ’ ’
Now is that a correct statement of the law with respect to the wife’s interest in that land? Undertaking to rely upon the Supreme Court, I think it is not. Under several decisions in Ohio it is unnecessary for the wife to sign a purchase money mortgage. And why? Because a vendor’s lien is better, under the law, than the claim of a doweress; and, as was well put in argument by Judge ITandy, a purchase money mortgage is nothing but the written proof of the vendor’s lien. So that the lack of any necessity for her to sign is based, not upon the proposition that she acquires no interest in'the land, but that the right of the vendor, as such, is higher than the wife’s as a doweress.
In Welch v. Buckins et al, 9 O. St., 331, the rule is laid down by Judge Sutliif in these words:
“Where the husband purchases land, takes a conveyance, and mortgages the same back to secure the purchase money, the claim under the mortgage is superior to the claim of the widow for dower. ’ ’
Now that is undoubtedly the law, but it is not based upon the theory that no dower vests in the wife when the lands are conveyed to the husband, but upon the proposition, and the righteous one, that the lien of the vendor is higher than a wife who has put nothing in the property. I therefore say, that when -this land was conveyed to Taylor Conine, that immedi *212 ately the inchoate right to dower therein vested in his wife, but that it was subject and inferior to the liens for purchase money held thereon.
In case of Kling v. Ballentine, 40 O. St., 391, and which has not been disturbed by later decisions, the rule as to the title taken or held by a purchaser does not agree with the proposition of Judge Moore that I have quoted above; but upon the authority of the 2d Ohio, 223, the court, in Kling v. Ballentine say:
‘ ‘ In Ohio the legal estate is in the mortgagor until condition is broken, and after that—that is, after the condition is broken— it, that is the legal estate, is still in the mortgagor as to all the world except the mortgagee. ’ ’
Therefore, I conclude that as against all the world, except these purchase money mortgages, this woman was entitled to dower in these premises so 'Covered by the purchase money mortgage given or assumed by Taylor Conine.
Suppose, by way of argument, that Taylor Conine had left a policy of insurance payable to his estate or his executor, so that the avails thereof would have been money in his hands subject to the demands against that estate; that it would have been in the sum of twenty thousand dollars and that money had gone into the hands of this administratox*. Had that been true the administrator would have had personalty in his hands sufficient to pay the claims against this land for purchase money, because, although secured by mortgage on the lands, they are demands against the deceased to which the administrator would have to apply, before he sells the lands, the money in his hands applicable to such purchase. And suppose he had, as was his duty, discharged the sums represented by these mortgages, out of that money; there then would have been no purchase money claims against this land, and would not this widow have been entitled to have assigned to her, ,in all that land, as against the world, her statutory dower therein! There can be no question as to this proposition.
Accepting this proposition then as true, could it be said that the administrator, by the making of those payments, have *213 created in her an interest of dower that she did not hav.e before ? Certainly an estate of dower could not be created that way. That, therefore, argues the proposition that the only thing standing between the widow’s claim of closer and its assignment was these mortgages'. In all of the decisions where the mortgages were given for sums that have not been for purchase money of the lands, but where the wife had signed the mortgage as the surety, practically, of her husband, creating thereby a claim against the land for the debt of the husband, the courts hold that after the mortgage has been discharged out of the proceeds of a judicial sale, that the wife is endowable in the entire proceeds, if a surplus remains after the mortgage is satisfied—they so hold because of the proposition that they say she pledged her dower interest in that land as the surety of her husband and that, as she did not pledge that dower interest to anybody except the mortgagee, she is entitled to her dowér as her own separate property as against everybody in the world, except those' to whom she pledged it. Very well; that being the theory, let us see how it works with a purchase money mortgage. Where the husband bought land and executed a mortgage to secure the purchase money, that was to secure his debt, not hers. No claim exists against her for the payment of that purchase money. Her interest in the transaction is founded simply ’upon her marriage contract—a present, if you will, that the statute gives her out of her husband’s property, and that all the world has notice of. Now to secure his debt he executes a mortgage, and that debt which he -owes being .a higher claim and superior to the wife’s statutory dower, she is not obliged to sign ,the mortgage. That mortgage is given in no way to secure any debt of hers; therefore she stands in no different position with respect to that purchase money mortgage than she does to any other mortgage that she has not signed, where it is not given to secure her debt. She is simply situated ¡so that she can have no right to assert her dower against the mortgagees in either case.
The emphasis that the courts put on the statement that where she executes the mortgage to secure his debt, simply' means to *214 distinguish it from a mortgage that might be given by the parties to secure her debt; .and I do not deem it necessary to further carry out this reasoning. I can see no difference in the standing of this wife towards this land and her interest therein, as the case stands, on a purchase money mortgage, than if she had joined in the mortgage to secure money borrowed by her husband, and that, to the extent of the surplus arising out of the sale, after the payment of the purchase money mortgage, she shall be paid her dower calculated upon the entire proceeds of the sale.
Now before finally leaving this branch of this ease, I want to say that this case of Culver v. Harper’s Executor, that was followed in Fox v. Pratt, the court’s reasoning seems to me to be peculiar, although at that time all of the rulings on this subject were different than now. The court states as a reason for their holding in that ease, the mortgage therein being a purchase money mortgage, on page 468, that it would be the height of wrong that a wife should have dower as against the purchase money mortgage. We all agree with that proposition; yet in that case- it appears that there was a surplus of enough to pay this widow the full value of her dower after having fully paid the mortgage debt. So that I can not see what the court meant by that argument, as it did not apply in the ease being considered, and I think the 'court simply followed the general rule as it then stood.
The cases cited by Judge Handy to the court in his brief, 32 0. St., 210, and 33 0. St., 198, do not aid the court in this inquiry, except that the latter ease again holds that the right of the vendor’s lienholder, that is to say, the mortgage for purchase money, is superior to that of the mortgagor’s wife; and the former case, while endowing the wife only in the surplus, there the mortgages, so far as appears, were not for purchase money, and the endowment was made under the old rule now unquestionably changed by the holding of the Supreme Court in the 46th 0. St.
The defendant, Mary F. Conine, in the second cause of action of her answer claims in substance that she loaned her *215 husband' $2,200, which by agreement with her husband he was to apply on and said money was to be used in taking up $2,200 of a mortgage indebtedness, a lien against the property sought to be sold by the administrator, said widow further claiming that under said agreement, she was to hold the note upon which said $2,200 was applied and that part of the mortgage securing said debt. In this ease she máintains that she is entitled to that extent to be subrogated to said mortgage lien. The widow was neither a party to said mortgage, nor obligated on the indebtedness secured thereby.
Watts & Moore, Eaoiéy & Underferth and Bailey & Bailey, for administrator.
Cable & Parmenter, for Mary F. Conine.
On the trial of the ease there was ho evidence that she gave or loaned the money to her husband upon the express understanding that it was to be paid on said mortgage indebtedness, or on any particular indebtedness of the husband, and for this reason I do not consider that she is entitled to be subrogated to the rights of the mortgagee under said mortgage securing the note upon which the payment was made.